IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2008 DEC -5 A 11: 11
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| THE ELIJAH GROUP, INC. | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA08CA0907 |
| | § | |
| THE CITY OF LEON VALLEY, TEXAS | § | |
|     Defendant | § | |

## DEFENDANT AND COUNTER PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPROARY AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant and Counter Plaintiff City of Leon Valley, Texas ("City") and files this Application for Temporary Restraining Order and Temporary and Permanent Injunction and shows the court as follows:

### I.
### PARTIES

Defendant/Counter-Plaintiff, City of Leon Valley, Texas, is a municipal corporation, incorporated under the laws of the State of Texas.

Plaintiff, The Elijah Group, Inc., a non-profit church congregation, is incorporated under the laws of the State of Texas; its principal place of business is in Bexar County, Texas.

### II.
### FACTS

The property subject to the underlying lawsuit is located at 6401 Bandera Road, Leon Valley, Texas. The building is situated in an area which is a zoned B-2. Churches are allowed in this zoning designation ("B-2") only through an authorized Special Use Permit (SUP). When the

1

current building was constructed, the owners and occupiers of the property at that time, officially known as the business "Church on the Rock", requested and were granted an SUP for use as a church in 1996. See Exhibit "A"

On March 6 2007, the City rezoned different parts of the City and reclassified uses under pre-existing zones. Within the 2007 rezoning plan, the City of Leon Valley removed the SUP authorization process for churches under B-2. Churches are still permitted under B-3, which allows for higher congestion and, as a result of time and development, better accommodate larger assemblies, such as churches. The property in question was classified as a non-conforming, pre-existing use and allowed to continue to operate as a church, even though it remained in a B-2 zone. As a permitted non-confirming use, the Church on the Rock was permitted to utilize the building as long as that use continued. However, once a permitted non-conforming use ceases for more than 120 days, the use cannot be resumed. City of Leon Valley Code of Ordinances §30.405.

On July 1, 2007, Church on the Rock vacated the property due to financial hardship and eventually a foreclosure. The foreclosure resulted in the property being owned by GoldStar Trust. The use under the SUP ceased and expired on October 28, 2007 (120 days after the property was vacated). GoldStar Trust was advised the SUP had expired and that a church use was no longer permitted at that location. Even though GoldStar Trust was well aware the property could not be used as a church, it leased and attempted to sell the property to the Plaintiff/Counter-Defendant Elijah Group with the intent to use the property as a church.[1]

---

[1] GoldStar Trust remains the legal owner of the property at 6401 Bandera Rd, Leon Valley, Texas. While the City of Leon Valley has not actually seen a lease agreement between GoldStar Trust and the Elijah Group, the City is currently taking Elijah Group's word that such a lease exists. However, this deferment is not intended to preclude the City from challenging the legality of Elijah Group's property interest after discovery commences and the City specifically reserves the right to challenge such interest.

2

In the meantime, the Elijah Group made an application with the City to use the property as a school, not a church. The property, after sitting vacant for some time, was the subject of vandalism and theft. Unknown persons stripped a large portion of the copper wiring out of the building, significantly impacting the electrical stability and safety of the building. Accordingly, repairs were needed before the building was safe to occupy. Further, if the building is to be used as a school significant Fire Code modifications are necessary.

On September 14, 2008, Leon Valley's Building Inspector inspected the repairs to the property. He issued a Temporary Certificate of Occupancy ("Temp. C/O") in order to allow the leasing entity the ability to have the utilities connected and repairs to continue. See Exhibit "B" The utilities will not connect services without a Temp. C/O.

The Temp. C/O issued was still contingent upon an inspection by the Fire Marshal. The Fire Marshal inspected the property on November 17, 2008. See Exhibit "C" During the inspection, the lessor advised they intended to use the property as both a church and a school/daycare. The Fire Marshal determined that the building was not safe to occupy under either use classification as sprinkler systems and a manual fire alarm system were needed as well as numerous other modifications. See Exhibit "C"

After the Temp. C/O was issued, but before the fire inspection of November 17, 2008 occurred, the City became aware the lessor was holding church services in the property instead of completing the repairs. Essentially, they were ignoring the fact the Temp. C/O was temporary and were treating it like a final approval. Further, they felt that since the property was previously used as a church, the current zoning restrictions should not apply to them. When the City told them it would inform the utilities that no final Certificate of Occupancy had been issued and requested utilities be shut off, as it always did in cases where someone was granted a Temp. C/O

but failed to complete all necessary requirements to obtain a final C/O, the Elijah Group filed suit under RLUIPA and sought a temporary restraining order to prevent the interruption of services. No temporary restraining order or injunction order has been issued to date; however, the Plaintiff/Counter-Defendant continues to hold church services in the building, regardless of the building and fire safety concerns.

Irrespective of the Elijah Group's entitlement under RLUIPA to the particular zoning classification or use they desire as a church (which the City denies), the building is still not currently safe for occupation. RLUIPA does not exempt religious organizations from Building or Fire Code and health and safety requirements. As a result, the City moves this court to enter a temporary injunction to prevent the Elijah Group, and/or any other lessor, from occupying the premises for any purpose other than renovations/repairs until all Building and Fire Code issues have been cured. Even after correspondence back and forth with counsel for the Plaintiff regarding the violations, they still intend on utilizing the building.

## III.
## AUTHORITY

Texas Local Government Code Section 54.016(a) allows a municipality to obtain an injunction against violation of an ordinance upon a showing of substantial danger of injury or an adverse health impact to any person or to the property of any person other than the Plaintiff.

Texas Local Government Code Section 54.016(b) provides that:

> "It is not necessary for the municipality to prove that another adequate remedy or penalty for a violation does not exist or to show that prosecution in a criminal action has occurred or has been attempted."

The building is not safe for either church use or for school/daycare use. To allow the Plaintiff/Counter-Defendant to continue to occupy the property with existing Fire Code violations is not safe for the citizens, the public, or Elijah Group's congregation. The Temp. C/O

was not meant as an approval for final occupancy. It was meant to allow utilities to be connected for repairs and the final certificate of occupancy still required an inspection by the Fire Marshal, who determined the property was not safe to occupy. No good can come from disregarding Fire Code shortcomings and allowing church services to continue in an unsafe building. As a result, the Plaintiff/Counter-Defendant should be enjoined from permitting any church, school, daycare, or other congregation or assembly services or any occupancy of any kind at that location until, at a minimum, the Fire Code shortcomings are cured. Additionally, the Fire Code does relate to the intended use so a determination of permitted use should be found before any re-inspection.

The City further requests that it have and recover from Defendant a civil penalty not to exceed $1,000.00 per day for each violation that Plaintiff/Counter-Defendant is in violation of said Ordinances, as provided by Texas Local Government Code §54.017.

## IV.
## REMEDY

Unless this Court immediately enjoins the activity of the Plaintiff/Counter-Defendant the City and its citizens will suffer irreparable injury and harm due to the continuation of these violations which endanger the health and safety of the occupants and other person who may be on the premises, as well as to any surrounding property. The City recognizes that the Plaintiff/Counter-Defendant and its representatives and agents should have access to the property and premise for the purpose of permitting contractors, engineers, consultants, and City Personnel to inspect and evaluate the needed repairs to the building. However, Plaintiff/Counter Defendant should not be allowed to occupy a building that does not meet the Fire Code.

It is probable the City will prevail after a trial on the merits because the property is a public nuisance and poses a substantial danger to the public health and safety. The City's citizens and Plaintiff/Counter-Defendants' congregation will suffer immediate and irreparable

injury if the Court does not grant the requested relief because the conditions found on the property pose a substantial danger of injury or adverse health impact to any persons on the property. The City has no adequate remedy at law because the damage to human life and property are incalculable.

Defendant/Counter-Plaintiff requests a temporary restraining order and then that a temporary injunction be issued prohibiting the Plaintiff, its agents, representatives, and employees from:

1) Allowing the general public, other than any City personnel, contractor, engineer or consultant, access to the building and premises located at 6401 Bandera Road for any purpose until the City has approved the Building for use by the public;

2) Allowing any workman access to the building and premises located at 6401 Bandera Road without the applicable permit from the City;

3) A civil penalty not to exceed $1,000.00 per day for each violation that Plaintiff/Counter-Defendant is in violation of said ordinances; and

4) The City be granted judgment for all costs of court, post judgment interest, and all further relief to which it may be entitled.

## V.
## PRAYER

Wherefore, premises considered, Petitioner prays that Plaintiff/Counter-Defendant be cited to appear and answer herein and that Defendant/Counter-Plaintiff be granted a temporary restraining order, then a temporary and permanent injunctive relief as described above, its costs of court, attorneys fees and for such other and further relief to which it may be justly entitled.

SIGNED this 5th day of December, 2008.

                                        Respectfully submitted,

                                        DENTON, NAVARRO, ROCHA & BERNAL
                                        A Professional Corporation
                                        2517 N. Main Avenue
                                        San Antonio, Texas 78212
                                        210/227-3243
                                        210/225-4481 (Facsimile)
                                        Lowell.denton@rampage-sa.com
                                        Ryan.henry@rampage-sa.com

By: _____
      LOWELL F. DENTON
      State Bar No. 05764700
      Southern Bar No. 8600
      RYAN HENRY
      State Bar No. 24007347
      Southern Bar No. 22968
      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) as indicated, and according to the Federal Rules of Civil Procedure on the 5th day of December, 2008.

Daniel P. Whitworth                                         **E-Notification**
State Bar No. 24008275
John G. George
State Bar No. 24051944
STUMPF FARRIMOND, P.C.
112 E. Pecan Street, Suite 700
San Antonio, Texas 78205

                                                    By: _____
                                                          LOWELL F. DENTON
                                                          RYAN HENRY

# EXHIBIT A

**CITY OF LEON VALLEY**
**BUILDING INSPECTIONS DIVISION**
**SPECIFIC USE PERMIT**

THIS IS TO CERTIFY that the building(s) and land at

Address of Location: 6401 Bandera Road, Leon Valley, Texas 78238    Date: June 18, 1991

Lot 1    Block ___    Subd Seneca Estates Unit #7    Zone R-2

has been permitted for use as: Church and Sunday School Buildings

Case No.: SUP 91-141

Owner: Pastor Lakenn L. Kennedy

Business: Church on the Rock

"To be conspicuously posted on premises."

_____
City of Leon Valley Building Official

WHITE: APPLICANT    YELLOW: DEPARTMENT

EXHIBIT A

# EXHIBIT B

## LEON ✦ VALLEY
### T E X A S
SMALL TOWN HOSPITALITY. BIG CITY ADVANTAGES.
6400 EL VERDE ROAD · LEON VALLEY, TX 78238
(210) 684-1391 EXT. 226

### INSPECTION REPORT                                 Permit No.: _____

Address: __6401 BANDERA__                Builder/Contractor: _____

| Type of Inspection: | BUILDING | Foundation | PLUMBING | Rough-In | ELECTRICAL | TML / TOPS |
|---|---|---|---|---|---|---|
| | | Framing | | Top-Out | | Rough-In |
| | | Final | | Final | | Final |
| | GAS | Rough-In | SEWER | Final | HVAC | Rough-In |
| | | Final | | | Final | |

(CERTIFICATE OF OCCUPANCY)
Results of Inspection

__POST ADDRESS__

__OKAY FOR TEMP C of O. FINAL w/ FIRE DEPT APPROVAL__

__VERIFY OPERATION of ALL EXIT LIGHTS__

☐ Re-Inspection Required—$30 each

(APPROVED)   ☐ DISAPPROVED   Inspector: __BEACOR__   Date: __9/17/08__
WHITE-builder/owner   YELLOW-file   PINK-inspector

---

## LEON ✦ VALLEY
### T E X A S
SMALL TOWN HOSPITALITY. BIG CITY ADVANTAGES.
6400 EL VERDE ROAD · LEON VALLEY, TX 78238
(210) 684-1391 EXT. 226

### INSPECTION REPORT                                 Permit No.: _____

Address: __6401 Bandera #1__               Builder/Contractor: _____

| Type of Inspection: | BUILDING | Foundation | PLUMBING | Rough-In | (ELECTRICAL) | TML / TOPS |
|---|---|---|---|---|---|---|
| | | Framing | | Top-Out | | Rough-In |
| | | Final | | Final | | Final |
| | GAS | Rough-In | SEWER | Final | HVAC | Rough-In |
| | | Final | | | Final | |

CERTIFICATE OF OCCUPANCY
Results of Inspection

__PANEL WORK OKAY__

**EXHIBIT B**

☐ Re-Inspection Required—$30 each

(APPROVED)   ☐ DISAPPROVED   Inspector: __BEACOR__   Date: __9/4/08__
WHITE-builder/owner   YELLOW-file   PINK-inspector

# LEON VALLEY
### TEXAS

Date: 9/9/08

6400 El Verde Road, Leon Valley, TX 78238
Phone: (210) 684-1391 X226  Fax: (210) 509-8288  website: leonvalleytexas.gov

C of O # 080855

## CERTIFICATE OF OCCUPANCY (C of O) APPLICATION
Fee: $60.00

*Restorat dba Restoration*  will plu

### I. Tenant/Applicant Information

Name(Applicant): RTM INC Alward

Business Name: ALWARD ELEMENTARY School + day care

Property Address: 6401 Bandera

Phone No.: (210) 522-1963

Zoning Designation: B2

### II. Property Owner Information

Name: Goldstar Trust

Address: PO Box 719
Street
CANYON    TX    79015
City        State    Zip

Phone No.: (806) 358-8114

Fax No.: (806) 358-3154

### III. Business/Tenant Information & Questionaire

- Describe the proposed use in detail: Educational Training
  If the use is storage or warehouse use, what is being stored? N/A
- What is the total square footage of the building/space you are occupying: _____
- Is ELECTRICITY or GAS needed? ☑ YES  ☐ NO   Date Needed: _____
- Will you be installing or displaying any signs? ☑ YES  ☐ NO  -if YES a Sign Permit application is required.
- Is this an ADULT entertainment establishment? ☐ YES  ☑ NO
- Will you be storing HAZARDOUS MATERIALS (explosives, ammunition, flammables, chemicals) on site?
  ☐ YES  ☑ NO  -if yes, describe stored items and quantities: _____

**NOTE TO APPLICANT:** BE SURE TO SCHEDULE AN APPOINTMENT WITH THE BUILDING OFFICIAL FOR YOUR CERTIFICATE OF OCCUPANCY (C of O) INSPECTION.

1. A Building Inspection must be satisfactorily completed-PRIOR TO OCCUPANCY;
2. Following preliminary inspection by the Building Official, a "Temporary" Certificate of Occupancy may be issued. The tenant may occupy the space/building with the conditions set forth by the Building Official;
3. Prior to issuance of "permanent" Certificate of Occupancy the Fire Inspector and/or other City Official as required, shall conduct an inspection on the premises;
4. Tenants/owners are required to comply with all applicable Codes. A "Permanent" Certificate of Occupancy will not be issued until all requirements have been met.
5. If you have any questions regarding Codes, contact the Building Official at (210) 684-1391, extension 226, the Fire Inspector at (210) 684-3219, or the Police Department at (210) 684-3215.

I have read and understand the above information.

_[signature]_         Trasilla Sauceda         Sept 9 2008
Signature              Printed Name              Date

****************************FOR OFFICE USE ONLY*******

OCCPANCY CLASS: E          ADDITIONAL PERMIT REQUIRED: ☐ YES
                           HAZARDOUS MATERIAL REVIEW REQUI

Waiting for affidavit
utilities turned off 11-3

LEGAL DESC: Lot: ___ Blk: ___ CB: ___ SUBDIVISION: ___

COMMENTS: _____

REVIEWED & APPROVED BY: _[signature]_     DATE: 9/11/08

Revised 03/08 kmf

# EXHIBIT C

Case 5:08-cv-00907-OLG    Document 3    Filed 12/05/2008    Page 13 of 18

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE ELIJAH GROUP, INC. <br> Plaintiff | § § § | |
| V. | § § | CIVIL ACTION NO. SA08CA0907 |
| THE CITY OF LEON VALLEY, TEXAS <br> Defendants | § § § | |

### AFFIDAVIT OF LUIS VALDEZ

STATE OF TEXAS          §
                        §
COUNTY OF BEXAR         §

BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared Luis Valdez and who duly sworn on his oath deposed and said:

My name is Luis Valdez. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein. I am currently the Deputy Fire Marshal for the City of Leon Valley, Texas. I am personally familiar with the facts recited herein, which are within my personal knowledge and are true and correct.

I am familiar with the property located at located at 6401 Bandera Road, Leon Valley, Texas. I am aware the property was the subject of vandalism due to the building being vacant.

On November 17, 2008 I inspected the property located at 6401 Bandera Road. During the inspection, I was advised by the tenant on site and their application for occupancy that the property was intended to be used as both a church and a school/daycare. After the inspection I determined that the building was not safe to occupy. A sprinkler system and manual fire alarm system are needed in order to operate within the building code for the specified use as proposed by the tenants.

Further, several Fire Code violations existed including but not limited to a non-function fire alarm system, no fire extinguishers, and improper address signs on the building. I advised the tenants at that time that the property was not safe to occupy or use and that no occupation could occur until the violations and deficiencies were corrected. I issued a report on the inspection. A true and

EXHIBIT C

correct copy of the report is attached to this affidavit. To date I have not been notified that any changes made to the building. I have personally observed church services occurring in the building even though no certificate of occupancy bearing the Fire Marshals' approval has been issued. The building is not safe for occupation at this time.

Further affiant sayeth not.

_____
LUIS VALDEZ

SUBSCRIBED AND SWORN TO BEFORE ME by the said LUIS VALDEZ on this ____ 4th day of December 2008, to certify which witness my hand and official seal.



Wayne A. Wypych
Notary Public, State of Texas
My Commission Expires 04/02/2012

_____
NOTARY PUBLIC, STATE OF TEXAS

(Affix Notary Seal Above)

# CITY OF LEON VALLEY
## FIRE PREVENTION DIVISION
6400 EL VERDE • LEON VALLEY, TEXAS 78238
Office: 684-3219 • Fax: 684-6988

NO. 2150

Date: 11-17, 20 08

Location: 6401 Bandera Rd. suite A

Occupant: Glory Barn Christian Learning Center

Owner or (Agent): Mr. Darryl Crane    CofO #: _____

## YOU ARE HEREBY NOTIFIED TO:

✓ 1. Repair exit light(s) as needed. Both bulbs must be operative.
___ 2. Repair emergency light unit(s) as needed.
___ 3. Discontinue use of extension cords / multi-outlet connectors.
✓ 4. Replace missing / broken electrical outlet covers / receptacles.
___ 5. Have a general shop clean up - remove un-necessary combustibles.
___ 6. Provide ___ ABC type fire extinguisher(s) of at least 5 lb. or larger and mounted in the area(s) discussed not to exceed 5 feet from floor level.
___ 7. Display current service tags from a licensed service company on all fire extinguishers. (annual inspection)
___ 8. Keep all exit or exit access doors unlocked / unblocked during normal business hours.
___ 9. Have the hood / extinguishing system inspected and retagged by a licensed service company.
___ 10. Have the entire hood system cleaned professionally.
___ 11. Have the fire sprinkler system inspected and tagged by a licensed service company. (annual inspection)
___ 12. Remove combustible material from around the water heater / furnace. (no storage allowed)
___ 13. Keep at least 30" clearance around electrical circuit breakers.
___ 14. Secure all compressed gas cylinders with chain or harness to the nearest immovable structure (wall, etc).
✓ 15. Have the fire alarm system inspected and retagged by a licensed service company.

- Re paint Fire lanes. They are worn and undistinguishable.
- Cover - Replace cover for exterior Electrical Panel, secure properly
- Remove interior accessory lock in ladies bathroom
- Provide Blank "Dummy" cover at breaker #55 + large cover on Panel B
- Provide Fire Extinguisher Stickers indicating location of fire extinguishers
- Provide address numbers to building with 10" address numbers
- Provide/Install Carbon Monoxide detectors at all child care areas

On the premises at the above location within: General Fire Safety Inspection   days.
Items needed as soon as possible
Completion in order to occupy.

Inspector: Luis Valles

Person Received Notice: Mr. Darryl Crane

Telephone No.: (210) 522-1463

IN CASE OF FIRE CALL 9-1-1 OR 684-8897

6401 Bandera Rd.
Luis Valdez, Deputy Fire Marshal

Along with the attached Fire Inspection report, the following City Fire Code sections apply:

During the general fire safety inspection, it was indicated that the proposed use of the building will be for school and daycare. This indicates a *change in use* from the previous occupant. A *change in use* is identified in the International Fire Code, 2006 edition (the adopted code of the City of Leon Valley).

*102.3 Change of use or occupancy. No change shall be made in the use or occupancy of any structure that would place the structure in a different division of the same group or occupancy or in a different group of occupancies, unless such structure is made to comply with the requirements of this code and the International Building Code. Subject to the approval of the fire code official, the use or occupancy of an existing structure shall be allowed to be changed and the structure is allowed to be occupied for purposes in other groups without conforming to all the requirements of this code and the International Building Code for those groups, provided the new or proposed use is less hazardous, based on life and fire risk, than the existing use.*

The occupancy classification for daycare is Group I-4:

*Group I-4, day care facilities. This group shall include buildings and structures occupied by persons of any age who receive custodial care for less than 24 hours by individuals other than parents or guardians, relatives by blood marriage, or adoption, and in a place other than the home of the person cared for. A facility such as the above with five or fewer persons shall be classified as Group R-3 or shall comply with the International Residential Code in accordance with Section 101.2 of the International Building Code. Places of worship during religious functions are not included.*
*Child care facility. A facility that provides supervision and personal care on less than a 24-hour basis for more than five children 2½ years of age or less shall be classified as Group I-4.*
*Exception: A child day care facility which provides care for more than five but no more than 100 children 2½ years or less of age, when the rooms where such children are cared for are located on the level of exit discharge and each of these child care rooms has an exit door directly to the exterior, shall be classified as Group E.*

There may be other requirements for this group classification that the building is not equipped with, but of particular interest are the following code sections.

*903.2.5 Group I. An automatic sprinkler system shall be provided throughout buildings with a Group I fire area.*
*907.2.6 Group I. A manual fire alarm system shall be installed in Group I occupancies. An electrically supervised, automatic smoke detection system shall be provided in accordance with Sections 907.2.6.1 and 907.2.6.2.*
*Exception: Excluded by city ordinance.*

The existing fire alarm system is inadequate, and does not meet the needs of a Group I classification. A licensed fire alarm planner/contractor should submit a permit application along with complete drawings for review by this office for compliance with Group I classification. The previous fire alarm was not designed for SLEEPING children.

The Group I-4 classification is the most restrictive and therefore indicated in particular by this office. When multiple uses are indicated in the same occupancy, such as a Church (Group A), a school (Group E), or daycare (Group I), the occupancy classification with the most restrictive requirements will be applied.

*104.1 General. The fire code official is hereby authorized to enforce the provisions of this code and shall have the authority to render interpretations of this code, and to adopt policies, procedures, rules and regulations in order to clarify the application of its provisions. Such interpretations, policies, procedures, rules and regulations shall be in compliance with the intent and purpose of this code and shall not have the effect of waiving requirements specifically provided for in this code.*

**102.8 Matters not provided for.** Requirements that are essential for the public safety of an existing or proposed activity, building or structure, or for the safety of the occupants thereof, which are not specifically provided for by this code shall be determined by the fire code official.

**102.9 Conflicting provisions.** Where there is a conflict between a general requirement and a specific requirement, the specific requirement shall be applicable.

In addition, it is necessary to obtain a seating diagram for the main worship area in order to properly determine the occupant load for the entire building. A letter of explanation and operation is required to fully understand how the applicant intends to use the building, and determine the occupant load.

This is a supplemental report only and in addition to handwritten report.

Luis Valdez, Deputy Fire Marshal

Received by: _____    Date: Nov 17, 2K8