# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE ELIJAH GROUP, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| THE CITY OF LEON VALLEY, TEXAS, § | | SA-08-CV-0907 OG (NN) |
| § | | |
| Defendant. § | | |

## ORDER DENYING MOTION TO QUASH

This order address plaintiff The Elijah Group, Inc.'s (Elijah Group) motion to quash a subpoena duces tecum.[1] In the motion, Elijah Group objects to the subpoena duces tecum defendant The City of Leon Valley (the City) issued to non-party Goldstar Trust Company (Goldstar). In the subpoena, the City notified Goldstar of its intention to take Goldstar's deposition by written questions and asked for "any and all documents relating to the property at 6401 Bandera Rd, Leon Valley, Texas and correspondence between Goldstar with their attorney Brown, P.C. relating to the same property."[2] Elijah Group complained that the questions are over-broad, the subpoena requires disclosure of documents protected by the attorney-client privilege, and the subpoena does not comply with the Federal Rules of Civil Procedure.

Rule 45 of the Federal Rules of Civil Procedure permits a person commanded to produce documents or tangible things in response to a subpoena to file a written objection to the request. The subpoena does not command Elijah Group to produce documents. Rule 45 contemplates

---

[1]Docket entry # 14.

[2]*Id*., exh. A.

objections by persons "affected by a subpoena." Elijah Group has not shown that it is affected by the subpoena. As a person who has not been commanded to produce documents, Elijah Group must demonstrate standing to challenge the subpoena.[3] The right and privilege Elijah Group relies on belongs to Goldstar. Without a personal right or privilege with respect to the materials subpoenaed, Elijah Group lacks standing to challenge the subpoena. For these reasons, I DENY the motion to quash (docket entry # 18). To the extent the subpoena does not comply with the Federal Rules of Civil Procedure, the court relies on the City's promise to reissue the subpoena.[4]

**SIGNED** on January 22, 2009.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.").

[4] Docket entry # 18, ¶ 8.