# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE ELIJAH GROUP, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| THE CITY OF LEON VALLEY, TEXAS, § | SA-08-CV-0907 OG (NN) | |
| § | | |
| Defendant. § | | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

This order addresses the motion for protective order filed by the defendant, The City of Leon Valley (the City). I have authority to resolve the motion because it is nondispostive and because the district judge referred the motion to me for a determination.[1] After considering the pleadings, I will grant the motion.

This lawsuit involves a dispute over a piece of property known as "The Church on the Rock" and located in Leon Valley. The plaintiff—The Elijah Group—seeks to purchase the property for use as a church. The purchase of the property depends upon the seller obtaining a zoning change. The seller applied for a zoning change. The City's zoning commission recommended that the city council deny the request. The city council denied the request.

The Elijah Group filed this lawsuit, seeking a declaration that the City's zoning ordinance and the denial of a zoning application are unconstitutional. The Elijah Group contends that the zoning ordinance and the denial of the zoning application substantially burdens its ability to operate and conduct religious worship. The Elijah Group brought claims under the First

---

[1]Docket entry # 16.

Amendment, the due process clause and the equal protection clause of the United States Constitution; article 1, section 6 of the Texas Constitution; the Religious Land Use and Institutionalized Persons Act of 2000; and the Texas Religious Freedom Restoration Act. Because The Elijah Group indicated its intention to depose individual council members and zoning commissioners, the City asked for a protective order to prevent The Elijah Group from seeking discovery from those individuals.

The City maintains that the opinions and statements of individual legislators have no bearing on the validity of action taken by the legislative body because an enacted law represents the collective will of the legislative body. The City also maintains the members of city council and the zoning commission are entitled to legislative immunity.

A party is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[2] In Texas, "the subjective knowledge, motive, or mental process of an individual legislator is irrelevant to a determination of the validity of a legislative act because the legislative act expresses the collective will of the legislative body."[3] Here, the Elijah Group challenges the validity and application of the City's zoning ordinance. The Elijah Group may not discover the subjective knowledge, motive, or mental process of individual council members and zoning commissioners because such information is irrelevant to the validity/application of the ordinance. The Elijah Group may rely on the official minutes, transcripts and comments made during the meetings, but it may not seek discovery from individual members of the city council and the zoning commission. Having decided the City's

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Sosa v. City of Corpus Christi*, 739 S.W.2d 397, 405 (Tex. App.—Corpus Christi 1987).

motion on the basis of relevancy, the court need not address the parties' arguments concerning legislative immunity. The motion for a protective order (docket entry # 12) is GRANTED.

**SIGNED** on March 24, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE