UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE ELIJAH GROUP, INC. | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA08CA0907 |
| | § | |
| THE CITY OF LEON VALLEY, TEXAS | § | |
|     Defendant | § | |

## AFFIDAVIT OF LANNY S. LAMBERT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared LANNY S. LAMBERT, and being by me duly sworn on his oath, deposed as follows:

1.  My name is LANNY S. LAMBERT. I am over the age of twenty-one (21) years; I am of sound mind; and I am fully capable of making this affidavit. The testimony recited below is within my personal knowledge and is true and correct.

2.  Since January 1, 2007, I have been serving as the City Manager for City of Leon Valley, Texas. I am the chief administrative and executive officer for the City. I am required to attend all City council meetings in which I can participate on discussions, but not vote. I am required to report to City Council on all matters related to City administration and to provide information to the Council to consider in performing their legislative functions. As the City Manager, I am a custodian of records for all of the City's business records.

3.  The City of Leon Valley is a general law municipality duly incorporated under the laws of this state, and its territorial limits are completely encircled by the City of San Antonio, Texas. The City currently has a population of 9,239.

4.  I am familiar with the 2007 zoning amendments and the discussions and reasons expressed by the Council for the changes. I am also familiar and have personal knowledge regarding the request to rezone 6401 Bandera Road from B-2 to B-3 filed by Gold Star Trust Company.

5.  6401 Bandera Road, Leon Valley, Texas, is currently located in a B-2 zoning classification and has been since the 1990s. In 1996, a religious

organization known as "Church on the Rock" requested a specific use permit
("SUP") allowing them to construct a church building and administration building
on that property in the City of Leon Valley, Bexar County Texas. At that time the
property was zoned "B-2" and a church could only operate in that location by
obtaining a specific use permit. The B-2 zone is now, and always has been, a
retail zone. On June 18, 1996, the City Council approved special use permit 96-
141 for the Church on the Rock and it operated as a church at that location for
several years. The property consisted of a domed shaped building as the main
auditorium, an administration building, and a parking lot.

6.      On November 4, 2003 the City amended its Master Plan by passing Ordinance 03-
004.

7.      On March 6, 2007 the City Council amended the Leon Valley Zoning Code by
passing Ordinance 07-013 which specifically revised the B-2 use classification and,
among other things, prohibited church use in any B-2 retail district zone. Churches are
now only allowed in B-3 commercial district zones, which were better suited for higher
congestion. Construction along Bandera Road was expanding the traffic in that area and
the make-up of the area had changed since the zoning classification was originally
designated. The City Council determined that the developments in the area around
Bandera Road were better suited for a retail corridor than general commercial or
industrial and the 2007 zoning changes were designed to better focus the uses along the
Bandera Road corridor for retail. The Bandera Road Corridor is THE primary retail
corridor in the City of Leon Valley.

8.      The City became aware that on July 1, 2007, due to financial difficulties, Church
on the Rock abandoned the church at that location. This information was obtained from
conversations between Church on the Rock administration and City staff. On September
4, 2007, through a foreclosure process, Happy State Bank d/b/a Gold Star Trust Company
("the Bank") took ownership of the property. Attached to this affidavit is a letter from the
Bank informing the City of it's ownership, the foreclosure and the Bank's desire to
continue the church use at that location. The attached letter is a true and correct copy of
the letter received by the City and is in the same form as originally received. [Exhibit 1].

9.      Under section 30.405 of the City's Zoning Code, on October 1, 2007, one
hundred and twenty (120) days after the Church on the Rock abandoned the use, the
special use permit lapsed. The City advised the Bank of this lapse as demonstrated with
Exhibit 2 to this affidavit, a letter to the Bank. The Bank responded with several letters
advising the Bank felt the use either a had not lapsed or that the change in zoning violated
the Bank's religious rights, even though the Bank is not a religious organization protected
by RLUIPA. Attached as Exhibit 2 are true and correct copies of the correspondence
back and forth between the City and the Bank.

10.     On November 29, 2007 the Bank filed an application to rezone the property from
a B-2 retail district zone to a B-3 commercial district zone. This application was not to
change the B-2 zoning classification back to its prior designation of over twenty (20)

years ago which permitted church use, but was a request to change the property's zone entirely to B-3, a zone which has never applied to that property. Attached to this affidavit as Exhibit 3 is a true and correct copy of the Bank's application to rezone. B-3 for that property is inconsistent with the City's Master Plan as the Master Plan notes retail for a two hundred foot depth along Bandera Road.  B-3 zones are commercial and focused more heavily along Grissom Road and inside Loop 410.

11.    On February 28, 2008 the City of Leon Valley's Planning and Zoning Commission recommended denial of the request to rezone 6401 Bandera Road from B-2 to B-3.    On March 4, 2008 the Leon Valley City Council accepted the P&Z recommendation and denied the request.

12.    On September 9, 2008, under the name "Restoration d/b/a RTM INC. Alwar," Pastor Crain's congregation filed an application for a certificate of occupancy to use the administration building on the property as an elementary school and daycare for educational training.  A true and correct copy of the application is attached hereto as Exhibit 4.    Prior to being occupied, 6401 Bandera Road was the subject of vandalism and a large portion of the copper wiring was stripped from the building.  Before repairs could be made on the property, the owner/tenant must obtain a certificate of occupancy so utilities can be connected. Temporary certificates of occupancy are intended to allow utilities to be connected and repairs to occur prior to allowing the public into the building. The Restoration d/b/a RTM INC. Alwar was granted a temporary certificate of occupancy with final approval contingent upon passing a fire inspection, which, partially, examines whether Fire Code requirements are met for the particular use. No application was made for church use.

13.    Once the City discovered the Plaintiff was conducting church services in the prohibited zone and without a fire inspection or certificate of occupancy, the City advised the Plaintiff of the violation.  The City's Fire Marshal inspected the property and noted numerous fire violations (some very minor, others not so minor) for the day care use and did not authorize the certificate of occupancy for day care use. A true and correct copy of the fire inspection report is attached to this affidavit as Exhibit 5.    One of the most notable violations was the need for a sprinkler system needed for day care use. Additionally, the fire alarm on the property had not been inspected or cleared by a certified alarm technician and was not monitored. The Plaintiff, in turn, filed this lawsuit.

14.    The City has not written any citations against the Plaintiff as it seeks to resolve the right of use in this litigation.

Signed this __6th__ day of July, 2009.

LANNY S. LAMBERT

      SUBSCRIBED AND SWORN TO BEFORE ME on this __6th__ day of July 2009, to certify which witness my hand and official seal.



M FEUTZ
My Commission Expires
October 2, 2009

(Affix Notary Seal Above)

NOTARY PUBLIC, STATE OF TEXAS

KENNETH W. BROWN, AICP
DANIEL ORTIZ
PATRICK W. CHRISTENSEN
CONNIE L. BASEL



PAUL M. JUAREZ
OF COUNSEL

112 E. PECAN STREET
SUITE 1480
SAN ANTONIO, TEXAS 78205
TELEPHONE: 210.299.3704
FAX: 210.299.4731

October 23, 2007

Ms. Melinda Smith,
City of Leon Valley
6400 El Verde Road
Leon Valley, Texas 78238

**Via Fax (210) 509-8288**

Re:   Non-Conforming Use Rights – 6041 Bandera Road (the "Property"); Our
File No. 9241.001

Dear Ms. Smith:

The purpose of this correspondence is to confirm the time period for the expiration of the non-conforming use rights for the above referenced property. Our client has been notified that their non-conforming use rights are set to expire on October 28th, 2007. It is this Firm's opinion that the non-conforming use rights at this Property should not expire until one hundred twenty (120) days after September 4th which is December 4th, 2007.

Chapter 30 of the City of Leon Valley Zoning Code (the "Code") defines a non-conforming use as:

> "A use which lawfully occupied a building or land at the time this
> Chapter became effective, which has been lawfully continued and
> which does not now conform to the use regulations."

The Church on the Rock (the "Church") was in operation at the Property prior to the adoption of the current Code. The permitted use table now limits the operation of a church to a "B-3" Commercial District and does not permit this use in the "B-2" Retail District. The Property is currently zoned "B-2", therefore this use falls under the definition of a non-conforming use.

Exhibit 1

Ms. Smith
October 23, 2007

*Page 2 of 2*

---

The Church officially ceased operation and the Property was foreclosed on September 4th, 2007. According to the Code, a use is considered to be discontinued or abandoned when the land ceases to be used in such a manner for one hundred twenty (120) days. At this point, non-conforming use rights would be considered abandoned and no longer valid. Applying the Code to the facts of the Property, the non-conforming use should be considered abandoned and invalid on December 4th, 2007 since the Church still had legal possession until September 4th, 2007.

The non-conforming use can be confirmed through utility statements for the Church use on the property. In addition, the Church was making payments to the Goldstar Trust Company to use this property prior to the adoption of the current Code. It is the opinion of this Firm that the non-conforming use rights will no longer be valid after December 4th, 2007 if a church does not continue to operate on the Property. Therefore, this Firm respectfully requests that the City confirms that the property has non-conforming use rights for a church use until December 4th, 2007.

Sincerely,

BROWN, P.C.

BY: _____
Patrick W. Christensen

PWC/rms

# BURDETT, MORGAN, WILLIAMSON & BOYKIN, LLP
## ATTORNEYS AT LAW

GERALD G. MORGAN, JR., P.C. ∗
PAUL H. WILLIAMSON, P.C.
TODD W. BOYKIN, P.C. ∗∗
WYATT L. BROOKS, P.C. •
LEWIS COPPEDGE, P.C. ▲
SAMUEL S. KARR, P.C. †
C. JARED KNIGHT
JASON D. RAHLFS
CATHERINE R. ROBINSON

THOMAS L. BURDETT, P.C. - OF COUNSEL
MELINDA F. RAHLFS - OF COUNSEL

WARLICK THOMAS - RETIRED 1999

3423 S. SONCY RD., SUITE 300
AMARILLO, TEXAS 79119

PHONE (806) 358-8116
FAX (806) 358-3154
FAX (806) 358-1901

WWW.BMWB-LAW.COM

CERTIFIED - TEXAS BOARD
OF LEGAL SPECIALIZATION

∗ ESTATE PLANNING & PROBATE LAW
+ COMMERCIAL REAL ESTATE LAW
+ RESIDENTIAL REAL ESTATE LAW
● CIVIL TRIAL LAW
▲ PERSONAL INJURY TRIAL LAW

† ALSO LICENSED IN ARKANSAS

September 26, 2007

*Via Fax: (210) 509-8288*
Ms. Melinda Smith
City of Leon Valley
6400 El Verde Road
Leon Valley, Texas 78238-2399

Re:     6401 Bandera Road, Leon Valley, Texas

Dear Ms. Smith:

As you know, I represent GoldStar Trust Company ("GoldStar") with regard to the above property, which GoldStar obtained through foreclosure on September 4, 2007.

The purpose of my letter is to inform you that the City of Leon Valley's zoning ordinance prohibiting churches from areas zoned B-2 Retail may violate the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), and of the United States Constitution. RLUIPA states that "No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." The City's zoning ordinance, which seems to discriminate against churches based solely on the City's desire to increase its tax revenues, appears to be an impermissible restriction of churches and other houses of worship.

I also want to clarify one additional point. Your email to Wanda Perdue of September 20, 2007 states that The Church on the Rock stated that they were locked out of the building on July 1, 2007. GoldStar did not, at any time, lock the Church out of the building. The Church was the owner of the property until the foreclosure sale and as far as GoldStar is aware, the Church was never denied access to the building and was freely able to come and go prior to the date on which GoldStar obtained possession of the property.

If you have any questions, please feel free to contact me.

Sincerely,

BURDETT, MORGAN, WILLIAMSON & BOYKIN, LLP

Catherine Robinson

CRR:sp

cc:     GoldStar Trust Company
        ATTN: Wanda Perdue

Exhibit 2



SMALL TOWN HOSPITALITY. BIG CITY ADVANTAGES.

October 2, 2007

Catherine Robinson
Burdett, Morgan, Williamson & Boykin, LLP
3423 S. Soncy Rd, Suite 300
Amarillo, Texas 79119

RE:    Church on the Rock, 6401 Bandera Road, Leon Valley, Texas 78238

Dear Ms. Robinson,

I am in receipt of your letter dated September 26, 2007, regarding the legal occupancy of a "Church", located at the above address.

When we first resolved to revise our outdated zoning code in January of 2006, we researched the uses, lot configuration regulations, landscaping and parking considerations – in short, the works. We then sent our revised code to first Professor David Pugh, AICP, then to land use attorney Mr. David Earl, Atty at Law and finally Denton, Navarro, Rocha and Bernal, LLP (also proficient land use attorneys), for their review and recommendations. The Zoning Commission and City Council approved the revised zoning code in March of 2007.

During the review process, all uses in the code were carefully reviewed for proper placement in the districts. Some uses were deemed appropriately placed as they were. Assembly type uses such as "Entertainment – Outdoor", "Entertainment – Indoor", "Church", "School- Vocational", "University", "Theater – Outdoor", "Small Arms Firing Range", and "Automobile and Truck Sales – Service Incidental", were all placed in the B-3 "Commercial" zoning district, as these uses are more intense than retail.

The purpose and description of the B-2 "Retail" district is "composed of land and structures occupied by or suitable for the furnishing of retail goods and services to surrounding residential areas." Additional regulations in this district state that the primary use of the facilities are retail in nature.

We feel that we are not in any way in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), nor the United States Constitution.

In making a determination of when the Church On The Rock ceased using the premises as a "Church", we called the Pastor of that church and asked when they last held a service at that location. They informed us that the last service was held the Sunday prior to July 1, 2007. Therefore we have declared that the use "Church" was officially abandoned on July 1, 2007 and will be considered terminated and no longer allowed after one hundred and twenty days (120), which will be October 28, 2007.

The City of Leon Valley has numerous churches, located in almost all of our zoning districts, some conforming and some nonconforming. This revision to the zoning code was not an attempt to remove churches; rather it was an attempt to place the use in a more appropriate zoning district.

While we sympathize with their plight, neither the title company, nor GoldStar Trust contacted the city at any time to request a zoning confirmation letter, nor did they perform due diligence (enough parking?, enough landscaping?, any variances granted?, any environmental hazards?, when platted?) as do most title and mortgage companies. Had they done so, we would have immediately confirmed the status of the property.

We would be happy to discuss this matter further, if you have information that the church was actually holding services past the July 1, 2007 date. Please feel free to contact me at (210) 684-1391 x 227, or by email at m.smith@leonvalleytexas.gov.

Sincerely,

Melinda Smith
Director
Community Development


Cc:    Lanny S. Lambert, City Manager
       William McKamie, City Attorney

COTR – 6401 Bandera
10-2-07



### LEON VALLEY
#### TEXAS

SMALL TOWN HOSPITALITY.  BIG CITY ADVANTAGES.

## COMMUNITY DEVELOPMENT DEPARTMENT

October 7, 2008

Goldstar Trust Company
P.O. Box 719
Canyon, TX  79015

RE:    6401 Bandera Road

To Whom It May Concern:

The Office of Community Development recently received a Certificate of Occupancy request from *Alward Elementary School* to occupy the rectangular building at 6401 Bandera Road. The use "school," is classified and allowed in a B-2 (Retail) zoning district.    However, the Code Enforcement Officer visited the site for an illegal temporary banner which was placed on the very same building which read "Restoration Centre."  Mrs. Christine Crane came by City Hall to request a permit in order to keep the temporary banner in place at which time Mrs. Crane was told that off-premise signage was not allowed and needed to reflect the business/company which was operating from the building (in this case, *Alward Elementary School*). Mrs. Crane noted that the business was a school and daycare and that the company name was *RTM Incorporated dba Restoration Centre* over which her husband Pastor Crane headed the program.

In order to eliminate any confusion, please provide a notarized sworn affidavit indicating the use of the two (2) buildings located at 6401 Bandera Road as you are the owners and lessors of the buildings on this site. The *Leon Valley 2007 Zoning Code* defines a <u>school</u> as follows: "*Any institution, the primary function of which is to provide primary or secondary education or a scholastic institution accredited by the State of Texas.*" A *child care facility* is defined as: "*An establishment for the care and/or instruction, whether or not for compensation, of six (6) or more children at one time. Child nurseries and preschool facilities are included in this definition.*" <u>Church</u> is defined as a "*facility for religious worship and related activities.*"

The Certificate of Occupancy and temporary sign permit requests are currently on hold until this matter is resolved. We appreciate your cooperation in this matter. For more information or questions please feel free to call me at (210) 684-1391 x 227.

Sincerely,

Kristie M. Flores
Director
Community Development

cc:    file



SMALL TOWN HOSPITALITY. BIG CITY ADVANTAGES.

January 17, 2008

Patrick Christensen
Brown P.C. Attorneys at Law
112 E Pecan Street Ste 1490
San Antonio, TX 78205

**Re: Zoning Case No. 08-380**          **Fax Transmittal: (210) 299-4731**
                                        **Page(s):         2**

Dear Mr. Christensen,

We have completed a staff review your request on behalf of Goldstar Trust Company to rezone approximately 3.803 acres of land from B-2 (Retail) to B-3 (Commercial) at 6401 Bandera Road.

This letter is being provided to inform you that the request for B-3 (Commercial) zoning is not consistent and compatible with the 2003 Leon Valley Master Plan. The Plan recommends B-2 (Retail) to a depth of 200-feet and any rezoning to B-3 (Commercial) in this area is strongly discouraged (see attached).

The scheduled public hearing date before the Zoning Commission is Tuesday, January 22, 2008 at 6:30 p.m. The corresponding City Council meeting is Tuesday, February 5, 2008.

Sincerely,

Kristie M. Flores
Assistant Director
Development Services
City of Leon Valley

cc:    file



KENNETH W. BROWN, AICP
DANIEL ORTIZ
PATRICK W. CHRISTENSEN
JAMES B. GRIFFIN

PAUL M. JUAREZ
OF COUNSEL

112 E. PECAN STREET
SUITE 1490
SAN ANTONIO, TEXAS 78205
TELEPHONE: 210.299.3704
FAX: 210.299.4731

February 6, 2008

Ms. Chris Riley, Mayor
City of Leon Valley
6400 El Verde Road
Leon Valley, Texas 78238

**Via Facsimile (210) 509-8288
and U.S. Mail**

Mr. William McKamie, City Attorney
13750 San Pedro, Suite 640
San Antonio, Texas 78232

**Via Facsimile (210) 546-2130
and U.S. Mail**

Re:  Recent Developments Associated with the Rezoning of the Church on the Rock, Located at 6401 Bandera Road, Leon Valley, Texas (the "Property"); Our File No. 9241.001

Dear Ms. Riley and Mr. McKamie:

The purpose of this correspondence is to inform you of recent developments with the zoning case for the property commonly referred to as the "Church on the Rock" located at 6401 Bandera Road. As you probably know, the Non-conforming Use Permit for the Property was denied by staff due to a disagreement over the date of the termination of "Church" operations. A zoning application has been filed with the City of Leon Valley (the "City") requesting that the Property be rezoned from its current "B-2" designation (A Church use was previously allowed in "B-2" until the recent City Zoning Matrix change which requires "B-3") to "B-3" to allow for the existing Church facility to continue to be used as a Church.

Staff has recommended disapproval of the zoning change due to its being contrary to the City Master Plan. The Master Plan recommends only "B-2" uses for the 6400 block of Bandera Road. Again, "B-2" allowed a "Church" use, at the time the Master Plan was adopted and until the recent City Zoning Matrix change. Despite City staff's recommendation for disapproval of the subject zoning change for the Property, the City Planning and Zoning Commission granted a continuance of the zoning case to the February 26th meeting.

The continuance was granted due to the concerns of the residents adjoining the Property. Of the five or six persons that commented on the zoning change, to a person they stated that they were not opposed to a "Church" use on the Property. However, they were opposed to "bad" "B-3" uses that would be allowed under the zoning change request, such as automotive repair and sales. I asked them if they would support the zoning change if the owner of the Property filed deed restrictions in the

Bexar County Property Records that prohibited every "bad" "B-3" use, except for the "Church" use. They stated that they would support the zoning change with the restrictions and the Planning and Zoning Commission granted the continuance request to allow the deed restrictions to be drafted and to allow the city attorney to review them.

Attached to this correspondence are the deed restrictions that will be recorded prior to the Planning and Zoning Commission meeting. As you can see, every use in the City Zoning Matrix that would be allowed with the zoning change to "B-3" has been prohibited, except for the "Church" use. The enforcing party to the deed restrictions is every property owner within a one quarter (1/4) mile radius of the Property. This radius was chosen due to the Seneca Estates Subdivision, located behingd the Property, not having an organized neighborhood association.

It remains this Firm's opinion that the current City Zoning Matrix which prohibits a "Church" use in every zoning district except for the most intense commercial district, "B-3," is a clear violation of both the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[1] and the Texas Religious Freedom Restoration Act ("TRFRA").[2] RLUIPA and the TRFRA (which mirrors the Federal law) clearly provide that a government agency may not substantially burden a person's free exercise of religion unless the government agency demonstrates that the application of the burden to the person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that interest. It is difficult to ascertain what compelling governmental interest is served by combining Churches with the *same* zoning district that allows automotive sales and repair, flea markets, mobile home sales, warehouse storage and animal shelters. Whatever, the compelling governmental interest may be, restricting "Church" uses into one zoning district in this manner is clearly the *most* restrictive means to accomplish this interest.

With the recordation of the deed restrictions, the City will only be approving a "Church" use on the Property. This is the best possible resolution to this matter. The Property was built for a Church and has operated as a Church for a number of years. Its continued use as a Church will not burden the nearby residents or the City in any way. However, please be advised that if the City denies the zoning change, the owner of the Property will pursue any remedies available at law.

Please do not hesitate to contact me should you have any questions or concerns regarding this matter.

Sincerely,

BROWN, P.C.

By:      Patrick W. Christensen

---

[1] 42 U.S.C. §§ 2000cc, *et seq*
[2] Texas Civil Practice & Remedies Code Chapter 110.



STUMPF
FARRIMOND
ATTORNEYS AT LAW

DANIEL P. WHITWORTH
Attorney at Law
dwhitworth@sftxlaw.com

112 EAST PECAN STREET, SUITE 700
SAN ANTONIO, TEXAS 78205
210.231.0919
210.231.0004 (fax)
www.sftxlaw.com

June 17, 2008

Via CMRRR# 7160 3901 9849 6041 8918
Ms. Chris Riley, Mayor
City of Leon Valley
6400 El Verde Road
Leon Valley, Texas 78238

**Certified Article Number**
7160 3901 9849 6041 8918
**SENDERS RECORD**

Via CMRRR# 71603901 9849 6041 8925
Mr. William McKamie, City Attorney
13750 San Pedro, Suite 640
San Antonio, Texas 78232

**Certified Article Number**
7160 3901 9849 6041 8925
**SENDERS RECORD**

Re:    NOTICE-RIGHT TO ACCOMMODATE; the City of Leon Valley, Texas; 6401
       Bandera Road, Leon Valley, Texas (the "Property").

Dear Ms. Riley and Mr. McKamie:

This law firm has been retained by GoldStar Trust Company (the "Owners") of the Property and Redemption Tabernacle Ministries, Inc. (the "Church") to assert a claim against the City of Leon Valley, Texas (the "City") for its refusal to allow a religious use of the Property. This letter is written notice of my client's claims and is their attempt to resolve this matter without the necessity of protracted and expensive litigation.

We advise that the Church's free exercise of religion is substantially burdened by an exercise of the City's governmental authority. To wit, the City Planning and Zoning Commission denied a zoning application requesting that the Property be rezoned from its current "B-2" Retail District designation to a "B-3" Commercial District designation which would have allowed for the existing Church facility to continue its use as a religious place of worship, the very purpose for which the building was constructed and has been used. The City Zoning Matrix was recently changed to require a church to now be operated in an area designated as "B-3" which is an industrialized area. The Church has planned and still intends to operate a church and day care center at the Property.

The City Planning and Zoning Commission denied the zoning change after a 6 to 1 vote at its February 26, 2008 meeting. An audio recording was made at this meeting. The only

reasons given and argument for the denial of the zoning change was the City's need for additional retail and tax revenues, and the assertion that there are already too many churches within the City that do not generate any tax revenues. The City Council denied the zoning changes for the very same reasons. An audio recording was also made of the City Council meeting. These reasons are purely "economic" reasons which are in clear violation of both the Federal Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and the Texas Religious Freedom Restoration Act ("TRFRA"). The RLUIPA was introduced to provide protection for houses of worship and other religious assemblies from restrictive land use regulations and zoning ordinances, like those here, that prevent the practice of faith. Texas has subsequently enacted the TRFRA which is modeled after the RLUIPA. *See* TEX. CIV. PRAC. & REM. CODE § 110.001 et al. (1999).

The TRFRA provides that a government agency may not substantially burden a person's free exercise of religion unless the application of the burden to the person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that interest. There is substantial Federal and State case law holding that the ability of a congregation to worship without the interference of a governmental entity meets the substantial burden requirement of the Federal and Texas Religious Acts. The Church has been prevented from worshiping in its place of choice and its free exercise of religion has been substantially burdened. The very "use, building, and conversion of real property" for the purpose of religious exercise is itself religious exercise. 42 U.S.C. § 2000cc-5(7)(B). In addition, the argument advanced during the City Planning and Zoning meeting by Commissioners that application of the zoning change to the Church places no burden on it or its members because they can worship elsewhere is without merit. "[One] is not to have the exercise of his liberty of expression . . . in appropriate places abridged on the plea that it may be exercised in some other place." *Islamic Center of Mississippi v. City of Starkville*, 840 F.2d 293, 299 (5th Cir. 1988) (citing *Schad v. Borough of Mt. Ephraim*, 452 U.S. 61, 76-77 (1981)).

The Church has experienced economic hardship as a result of the denial of the zoning request and would experience additional hardship if forced to procure an alternate location. This is not a wealthy or large congregation.

Because the Church's free exercise of religion is substantially burdened, the City must show under the strictest scrutiny that there was a *compelling* governmental justification for burdening the free exercise of religion. The United States Supreme Court has defined those land use interests that may justify a burden on religious exercise as "only the gravest abuses, endangering paramount interests." *See Sherbert v. Verner*, 374 U.S. 398, 406 (1963). Enhancing tax revenues, and enhancing the commercial and retail character of an area have been repeatedly held by Courts not to be "compelling interests" justifying the burdening of religious worship. Fiscal concerns and the need to increase the tax base for cities are not compelling state interests that justify the refusal to grant a special use permit for a church. *Cottonwood Christian Center v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203 (C.D. Cal. 2002). If revenue generation were a compelling state interest, municipalities could exclude every religious institution from their cities. *Id.*

As noted above, there was lengthy discussion amongst the Commissioners on the record at the February 26, 2008 Planning and Zoning Committee meeting and the March 4, 2008 City Council Meeting, regarding the need for increased tax revenues in the area of the Property and discussion that there were too many churches in the area already that were not on the tax rolls. One commissioner present at the planning and zoning meeting discussed the economic rationale behind the zoning change. It is very instructive that he stated

> "before (the change), the churches were allowed just about anywhere and we felt that in certain instances such as right there on Bandera road, I mean to me, that is where you put your businesses. That is where you begin to concentrate your economic development resources and the use of property that prime in an economic corridor for something other than economic development, I believe in our case, as has been pointed out, we are landlocked, we can't expand and bring in so we have to be really careful about the resources we have and how we use them. That is why the recommendation to locate churches in a B-3 was made."

Later, during the same meeting, the city manager described the Property as "prime real estate" and then calculated on the record that the City had lost $75,000 per year in lost income due to the tax exempt nature of a church and its exclusion from the tax rolls.

Even more enlightening regarding the reasoning behind the zoning change were the pleas of one commissioner to the others to discuss the issue outside of the "church" context as she stated that churches have all kinds of protections. She later joked that that while a church cannot operate on the Property anymore it might be appropriate to operate a "strip club" on the Property.

At the City Council Meeting of March 4, 2008, the Zoning Chairman testified that when the zoning change was made moving churches out of B-2 and into B-3, they considered the fact that the City was having economic difficulties, that churches were causing a large loss of tax revenues, and that "it was important to try to maintain the integrity of certain land within the city for economic development purposes." The only public discussion involved requests to deny the zoning change due to a dire need for revenue and additional tax sources.

Clearly, and as supported by the record, the denial of the zoning change request was the result of the City's economic concerns. There is no compelling governmental interest which would allow the City to burden the Church's free exercise of religion. Therefore, the City would not reach the second part of its burden of proof to show that the zoning change moving churches from B-2 to B-3 areas was the "least restrictive means" of furthering its compelling interest. Regardless, moving churches in the same zoning district with animal shelters, exterminators, flea markets, and warehouses is not the least restrictive means of accomplishing any city interest. Restricting churches in this manner is likely the *most* restrictive means.

The Owners' rights have been injured by the same zoning actions in that the zoning change restricts the ability of the Owners to sell and/or lease the Property. It owns the Property which is only suitable for a church use. It has agreed to lease the Property to the Church, which agreement cannot go forward.

This letter shall constitute our written notice to you that you have sixty (60) days from your receipt of this letter to reconsider your denial of the zoning application requesting that the Property be rezoned from its current "B-2" designation to a "B-3" designation and remedy the substantial burden on our clients' exercise of their religious beliefs. In the event that this matter is unresolved within this sixty (60) day period, we have been instructed to file a lawsuit against the City seeking injunctive relief under the TRFRA and asserting all applicable causes of action. At that time, we will request compensatory damages, attorney's fees, court costs, and other reasonable expenses incurred in bringing the action.

We look forward to your prompt resolution of this matter

Very truly yours,

STUMPF FARRIMOND, P.C.

Daniel P. Whitworth
John George



**McKamie Law**

13750 San Pedro, Suite 640
San Antonio, Texas 78232

210.546.2122   F 210.546.2130
www.mckamielaw.com

**William M. McKamie \***
**Bradford E. Bullock**
**Adrian A. Spears, II**
**Charles H. Sierra †**
**J. Frank Onion, III †**
**Bradley S. Wilder, P.L.L.C. †**


**\* Board Certified, Civil Trial Law,**
**Texas Board of Legal Specialization**
**† Of Counsel**

July 3, 2008

Mr. Daniel P. Whitworth                    *__Via CMRRR# 7160 3901 9845 2895 1680__*
112 E. Pecan Street
San Antonio, Texas 78205

Re:    GoldStar Trust Co.

Dear Mr. Whitworth:

    This letter is a remedy under Sec. 110.006 (d), Texas Civil Practices and Remedies Code. It is served within 60 days of receipt of your correspondence. Please note that similar correspondence has previously been provided to representatives of your client in response to the same demand.

    This remedy has been implemented by the City of Leon Valley and is designed to reasonably remove the alleged substantial burden on your client's free exercise of religion. This remedy is narrowly tailored to remove the particular burden of which your client has complained.

**Remedy:**

1.    The City of Leon Valley shall continue to recognize and enforce the Zoning Code of the City of Leon Valley which provides that a church use is a permitted use in the B-3 "Commercial" district.

    The corporate limits of the City of Leon Valley contain approximately 2,200 acres of land. B-3 zoning districts within the City comprise approximately 233.4319 acres of land.

2.    The City of Leon Valley shall continue to accept, process and consider applications for rezoning of any parcel or tract of land, and shall act on such applications in due course in accordance with the procedures and substantive requirements of the laws of the State of Texas and of the City of Leon Valley.

3.    The City of Leon Valley recognizes the Zoning Code as neutral, of general applicability, and designed to protect the public health, safety and welfare. The Zoning Code is enforceable regardless of the motivation of a person or persons subject to the ordinance.

RECEIVED

JUL 0 7 2008



 

Please provide additional information about the requirements of the particular religious tenets or principals at issue.  Specifically, please provide documentation of any express requirements that religious practices must occur in a particular location or upon specified types of land.

Your attention is directed to Sec. 110.006 (e), Texas Civil Practices and Remedies Code.

Yours very truly,

William M. McKamie
City Attorney

WMM/mds

cc:    The Honorable Chris Riley
       Lanny Lambert, City Manager
       Kristie Flores, Director of Planning

## APPLICATION FOR ZONING CHANGE, CASE NO. ZC

PRINT (IN BLACK) OR TYPE

| |
|---|
| NAME OF APPLICANT: **Patrick Christensen, Brown, P.C., Attorneys at Law** |
| ADDRESS: **112 East Pecan Street, Suite 1490; San Antonio, Texas 78205** |
| PHONE NO: HOME ( )          WORK **(210) 299-3704**          FAX **(210) 299-4731** |
| STATUS: OWNER ( ) AGENT (**X**) - If agent, attach notarized Letter of Authorization. |

### PROPERTY DESCRIPTION

| |
|---|
| ADDRESS: **6401 Bandera Road** |
| LEGAL DESCRIPTION: **Lot 4, CB 4429 J** |
| CURRENT ZONING: **"B-2" Retail District**    REQUESTED ZONING: **"B-3" Commercial District** |
| EXISTING PROPERTY USE or STATE NONE: **Church** |
| ACREAGE AND/OR SQUARE FOOTAGE:    **3.803 acres** |
| DOES OWNER OWN ADJACENT PROPERTY:    YES ( )    NO ( **X** ) |
| LIST EXISTING STRUCTURES: AND/OR EXISTING USES:        **Church** |

I HEREBY CERTIFY THAT I HAVE READ AND EXAMINED THIS APPLICATION AND THE ATTACHED INSTRUCTION SHEET AND KNOW THE INFORMATION I HAVE PROVIDED TO BE TRUE AND CORRECT. ALL PROVISIONS OF LAWS AND ORDINANCES GOVERNING THIS APPLICATION WILL BE COMPLIED WITH WHETHER SPECIFIED HEREIN OR NOT. THE GRANTING OF A ZONING CHANGE DOES NOT PRESUME TO GIVE AUTHORITY TO VIOLATE OR CANCEL THE PROVISIONS OF ANY OTHER STATE OR LOCAL LAW REGULATING THE USE OF THE PROPERTY.

SIGNATURE OF APPLICANT and DATE
(Owner or Authorized Agent)

STATE OF _Texas_
COUNTY OF _Bexar_

BEFORE ME, A Notary Public in and for _State of Texas_, on this date personally appeared _Patrick Christensen_ (Applicant) who duly states that all facts in this application are true to the best of his knowledge

SWORN TO and SUBSCRIBED before me this _29_ day of _November_, 2007.

SEAL

NOTARY PUBLIC
My Commission expires: _4-11-09_

LORI J BETUS
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-11-2009

3

ZONING APP
Rev. 1/95

Exhibit 3

Case #

Date:

**MAILING LIST OF PROPERTY OWNERS TO BE NOTIFIED**

1. Please print/type names and addresses of the applicant, representative, property owners, and <u>all owners</u> of all property within 200 feet of the subject site listed with Bexar County Appraisal Rolls (as indicated on the map you are providing).

2. The names listed below should be keyed to the map, indicating the specific property owned.

3. Provide the City with corresponding **pre-addressed labels of property owners** listed below.

**NOTE:** If a property owner holds more than one lot (same mailing address for different lots), make <u>only one</u> mailing label for that property owner and write "Same Owner as #___" on the attached mailing list.

I certify that the names, addresses and zip codes listed below are those listed on the current Bexar County Tax Roll.

Signed: 

Owner/Agent

Sworn to and subscribed before me this the 29th day of November 2007.

LORI J BETUS
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-11-2009

Notary Public and for the State of Texas

Appointment Expires: 4-11-09

---

APPLICANT: <u>Patrick Christensen, Brown, P.C., Attorneys at Law</u>

ADDRESS: <u>112 East Pecan Street, Suite 1490; San Antonio, Texas 78205</u>

REPRESENTATIVE: <u>Patrick Christensen, Brown, P.C., Attorneys at Law</u>

ADDRESS: <u>112 East Pecan Street, Suite 1490; San Antonio, Texas 78205</u>

PROPERTY OWNER: <u>Goldstar Trust Company</u>

ADDRESS: <u>5336 N. 19th Avenue; Phoenix, Arizona 85015</u>

4

**LEON✦VALLEY**
T E X A S

Date: 9 9 08         6400 El Verde Road, Leon Valley, TX 78238         C of O # 08088

Phone: (210) 684-1391 X226  Fax: (210) 509-8288  website: leonvalleytexas.gov

Restorat dba Restoration         **CERTIFICATE OF OCCUPANCY (C of O) APPLICATION**   Will plu

Fee: $60.00

| I. Tenant/Applicant Information | II. Property Owner Information |
|---|---|
| Name(Applicant): RTM INC Alward | Name: Goldstan Trust |
| Business Name: ALWARD ELEMENTARY School | Address: Po Box 719 |
| Property Address: 6401 bandera + day care | Street CANYON  TX  79015 |
| Phone No.: (210) 522.1963 | City        State        Zip |
| Zoning Designation: B2 | Phone No.: (806) 358.8116 |
|  | Fax No.: (806) 358.3154 |

**III. Business/Tenant Information& Questionaire**

- Describe the proposed use in detail: EDUCATIONAL TRAINING
  If the use is storage or warehouse use, what is being stored? N/A

- What is the total square footage of the building/space you are occupying: _____
- Is ELECTRICITY or GAS needed? ☑ YES  ☐ NO    Date Needed: _____
- Will you be installing or displaying any signs? ☑ YES  ☐ NO -if YES a Sign Permit application is required.
- Is this an ADULT entertainment establishment? ☐ YES  ☑ NO
- Will you be storing HAZARDOUS MATERIALS (explosives, ammunition, flammables, chemicals) on site?
  ☐ YES  ☑ NO -if yes, describe stored items and quantities: _____

**NOTE TO APPLICANT:** BE SURE TO **SCHEDULE AN APPOINTMENT** WITH THE BUILDING OFFICIAL FOR YOUR CERTIFICATE OF OCCUPANCY (C of O) INSPECTION.

1. A Building Inspection <u>must be</u> satisfactorily completed-**PRIOR TO OCCUPANCY**;
2. Following preliminary inspection by the Building Official, a "Temporary" Certificate of Occupancy may be issued. The tenant may occupy the space/building with the conditions set forth by the Building Official;
3. Prior to issuance of "permanent" Certificate of Occupancy the Fire Inspector and/or other City Official as required, shall conduct an inspection on the premises;
4. Tenants/owners are required to comply with all applicable Codes. A "Permanent" Certificate of Occupancy will not be issued until all requirements have been met.
5. If you have any questions regarding Codes, contact the Building Official at (210) 684-1391, extension 226, the Fire Inspector at (210) 684-3219, or the Police Department at (210) 684-3215.

I have read and understand the above information.

| _____ | Trasitla Sauceda | Sept 9 2008 |
|---|---|---|
| Signature | Printed Name | Date |

**********************************FOR OFFICE USE ONLY**********************************

OCCPANCY CLASS: E         ADDITIONAL PERMIT REQUIRED: ☐ YES ☐ NO  Type: _____

HAZARDOUS MATERIAL REVIEW REQUIRED: ☐ YES ☐ NO

LEGAL DESC: Lot:____ Blk:____ CB:____ SUBDIVISION:_____

COMMENTS: _____

Exhibit 4

REVIEWED & APPROVED BY: _____  DEF LEON VALLEY 00254   DATE: 9/11/08

Revised03/08kmf



# LEON ✦ VALLEY

### T  E  X  A  S

SMALL TOWN HOSPITALITY. BIG CITY ADVANTAGES.
6400 EL VERDE ROAD · LEON VALLEY, TX 78238
(210) 684-1391 EXT. 226

## INSPECTION REPORT

Permit No.:_____

Address: 6401 BANDERA                    Builder/Contractor:_____

| Type of Inspection: | BUILDING | Foundation | PLUMBING | Rough-In | ELECTRICAL | TML / TOPS |
|---|---|---|---|---|---|---|
| | | Framing | | Top-Out | | Rough-In |
| | | Final | | Final | | Final |
| | GAS | Rough-In | SEWER | Final | HVAC | Rough-In |
| | | Final | | | | Final |

CERTIFICATE OF OCCUPANCY          OTHER_____

Results of Inspection          ☐ Re-Inspection Required-$30 each

POST ADDRESS

OKAY FOR TEMP C of O. FINAL W/ FIRE
DEPT APPROVAL

VERIFY OPERATION of ALL EXIT LIGHTS

☐ APPROVED   ☐ DISAPPROVED   Inspector: BEALOR   Date: 9/17/08

WHITE-builder/owner     YELLOW-file     PINK-inspector



CITY OF LEON VALLEY
210-684-1391
RECH: 00305307  9/10/2008  9:41 AM
OPER: KY  TERM: 001
REF#:
TRAN: 110.3000  PERMIT PAYMENTS
080808B  60.00CR
CO  ALAMO ELEMENTARY SCHOOL
6401 BANDERA-CHURCH ON
60.00CR
TENDERED:  60.00
APPLIED:  60.00-
CHANGE:  CASH
0.00

DEF LEON VALLEY 00255

# CITY OF LEON VALLEY
# FIRE PREVENTION DIVISION

6400 EL VERDE • LEON VALLEY, TEXAS 78238

Office: 684-3219 • Fax: 684-6988

NO. 2150

Date: _11-17_____ , 20 _08_

Location: _6401 Bandera Rd. Suite A_____

Occupant: _Glory Barn Christian Learning Center_____

Owner or (Agent): _Mr. Darryl Crane_____     CofO #: _____

## YOU ARE HEREBY NOTIFIED TO:

_✓___ 1. Repair exit light(s) as needed. Both bulbs must be operative.

_____ 2. Repair emergency light unit(s) as needed.

_____ 3. Discontinue use of extension cords / multi-outlet connectors.

_✓___ 4. Replace missing / broken electrical outlet covers / receptacles.

_____ 5. Have a general shop clean up - remove un-necessary combustibles.

_____ 6. Provide _____ ABC type fire extinguisher(s) of at least 5 lb. or larger and mounted in the area(s) discussed not to exceed 5 feet from floor level.

_____ 7. Display current service tags from a licensed service company on all fire extinguishers. (annual inspection)

_____ 8. Keep all exit or exit access doors unlocked / unblocked during normal business hours.

_____ 9. Have the hood / extinguishing system inspected and retagged by a licensed service company.

_____ 10. Have the entire hood system cleaned professionally.

_____ 11. Have the fire sprinkler system inspected and tagged by a licensed service company. (annual inspection)

_____ 12. Remove combustible material from around the water heater / furnace. (no storage allowed)

_____ 13. Keep at least 30" clearance around electrical circuit breakers.

_____ 14. Secure all compressed gas cylinders with chain or harness to the nearest immovable structure (wall, etc).

_✓___ 15. Have the fire alarm system inspected and retagged by a licensed service company.

– Repaint Fire lines. They are worn and unidentifiable.
– Cover-Replace cover for exterior Electrical Panel secure properly
– Repair interior accessory lock in ladies bathroom
– Provide Blank "Dummy" cover at breaker #55. + large cover on Panel B
– Provide Fire Extinguisher Stickers indicating location of fire extinguishers
– Provide address numbers to building with 6" address numbers
– Provide/Install Carbon Monoxide detectors at all Child care Properties

On the premises at the above location within: _General Fire Safety Inspection_____ _8_ days.

Inspector: _Luis Valdez_____     Items needed as soon as possible completion in order to occupy.

Person Received Notice: _Mr. Darryl Crane_____

Telephone No.: (210) 522-1463

---

### IN CASE OF FIRE CALL 9-1-1 OR 684-8897

Exhibit 5

6401 Bandera Rd.
Luis Valdez, Deputy Fire Marshal

Along with the attached Fire Inspection report, the following City Fire Code sections apply;

During the general fire safety inspection, it was indicated that the proposed use of the building will be for school and daycare. This indicates a *change in use* from the previous occupant. A *change in use* is identified in the International Fire Code, 2006 edition (the adopted code of the City of Leon Valley).

*102.3 Change of use or occupancy. No change shall be made in the use or occupancy of any structure that would place the structure in a different division of the same group or occupancy or in a different group of occupancies, unless such structure is made to comply with the requirements of this code and the International Building Code. Subject to the approval of the fire code official, the use or occupancy of an existing structure shall be allowed to be changed and the structure is allowed to be occupied for purposes in other groups without conforming to all the requirements of this code and the International Building Code for those groups, provided the new or proposed use is less hazardous, based on life and fire risk, than the existing use.*

The occupancy classification for daycare is Group I-4;

*Group I-4, day care facilities. This group shall include buildings and structures occupied by persons of any age who receive custodial care for less than 24 hours by individuals other than parents or guardians, relatives by blood marriage, or adoption, and in a place other than the home of the person cared for. A facility such as the above with five or fewer persons shall be classified as Group R-3 or shall comply with the International Residential Code in accordance with Section 101.2 of the International Building Code. Places of worship during religious functions are not included.*
*Child care facility. A facility that provides supervision and personal care on less than a 24-hour basis for more than five children 2½ years of age or less shall be classified as Group I-4.*
*Exception: A child day care facility which provides care for more than five but no more than 100 children 2½ years or less of age, when the rooms where such children are cared for are located on the level of exit discharge and each of these child care rooms has an exit door directly to the exterior, shall be classified as Group E.*

There may be other requirements for this group classification that the building is not equipped with, but of particular interest are the following code sections.

*903.2.5 Group I. An automatic sprinkler system shall be provided throughout buildings with a Group I fire area.*
*907.2.6 Group I. A manual fire alarm system shall be installed in Group I occupancies. An electrically supervised, automatic smoke detection system shall be provided in accordance with Sections 907.2.6.1 and 907.2.6.2.*
*Exception: Excluded by city ordinance.*

The existing fire alarm system is inadequate, and does not meet the needs of a Group I classification. A licensed fire alarm planner/contractor should submit a permit application along with complete drawings for review by this office for compliance with Group I classification. The previous fire alarm was not designed for SLEEPING children.

The Group I-4 classification is the most restrictive and therefore indicated in particular by this office. When multiple uses are indicated in the same occupancy, such as a Church (Group A), a school (Group E), or daycare (Group I), the occupancy classification with the most restrictive requirements will be applied.

*104.1 General. The fire code official is hereby authorized to enforce the provisions of this code and shall have the authority to render interpretations of this code, and to adopt policies, procedures, rules and regulations in order to clarify the application of its provisions. Such interpretations, policies, procedures, rules and regulations shall be in compliance with the intent and purpose of this code and shall not have the effect of waiving requirements specifically provided for in this code.*

*102.8 Matters not provided for. Requirements that are essential for the public safety of an existing or proposed activity, building or structure, or for the safety of the occupants thereof, which are not specifically provided for by this code shall be determined by the fire code official.*

*102.9 Conflicting provisions. Where there is a conflict between a general requirement and a specific requirement, the specific requirement shall be applicable.*

In addition, it is necessary to obtain a seating diagram for the main worship area in order to properly determine the occupant load for the entire building. A letter of explanation and operation is required to fully understand how the applicant intends to use the building, and determine the occupant load.

This is a supplemental report only and in addition to handwritten report.

Luis Valdez, Deputy Fire Marshal

Received by: _____    Date : Nov 17, 2k8

FIRE DEPARTMENT
CITY OF LEON VALLEY
INTEROFFICE MEMORANDUM

Date:   November 19, 2008

To:     Kristie Flores, Development Director

From:   Stan Irwin, Fire Chief

Re:     Fire Inspection, 6401 Bandera Road, Document Number 2150

---

"In reference to your request for clarification of the handwritten portions of Deputy Fire Marshal Luiz Valdez' inspection report, I offer the following transcription of the report:

- Repaint fire lanes. They are worn and unidentifiable.
- Cover- Replace cover for exterior electrical panel, secure properly.
- Remove interior accessory lock in ladies bathroom.
- Provide blank "Dummy" covers at breaker #35 & large cover on panel B.
- Provide fire extinguisher stickers, indicating locations of fire extinguishers.
- Provide address numbers for building, min. 6" address numbers.
- Provide/install Carbon Monoxide detectors at all child care (proposed) rooms.

On the premises at the above location within: General Fire Safety Inspection, Items needed as soon as possible – completion in order to occupy."

Stan Irwin
Fire Chief

FIRE DEPARTMENT
CITY OF LEON VALLEY
INTEROFFICE MEMORANDUM

Date:   November 19, 2008

To:     Kristie Flores, Development Director

From:   Stan Irwin, Fire Chief

Re:     Fire Inspection, 6401 Bandera Road, Document Number 2150

---

"In reference to your request for clarification of the handwritten portions of Deputy Fire
Marshal Luiz Valdez' inspection report, I offer the following transcription of the report:

- Repaint fire lanes. They are worn and unidentifiable.
- Cover- Replace cover for exterior electrical panel, secure properly.
- Remove interior accessory lock in ladies bathroom.
- Provide blank "Dummy" covers at breaker #35 & large cover on panel B.
- Provide fire extinguisher stickers, indicating locations of fire extinguishers.
- Provide address numbers for building, min. 6" address numbers.
- Provide/install Carbon Monoxide detectors at all child care (proposed) rooms.

On the premises at the above location within: General Fire Safety Inspection, Items
needed as soon as possible – completion in order to occupy."

Stan Irwin
Fire Chief

SS20091
call

**LEON VALLEY FIRE DEPARTMENT**
**FIRE PREVENTION DIVISION**
6400 EL VERDE ROAD LEON VALLEY, TEXAS 78238
OFFICE (210) 684-3219 - FAX (210) 521-5612

Date: 12 / 5 20 08

Location: 6401 Bandera

Occupant: Elijah Group

Owner or Agent: Darryl Crain

Type of Occupancy: A - church - under for c/o

| **Type of Inspection:** |
| --- |
| x - other |
| [ ] C of O    [ ] New Construction |
| [ ] Annual    [ ] Complaint |
| [ ] Daycare   [ ] Permit # _____ |

**YOU ARE HEREBY NOTIFIED TO:**

[ ] 1.  Repair exit light(s). Both bulbs must be operative.
[ ] 2.  Repair emergency light unit(s) as needed.
[ ] 3.  Discontinue use of extension cords/ multi-outlet connectors.
[ ] 4.  Replace missing/broken electrical outlet covers/receptacles.
[ ] 5.  Have a general shop clean up; remove un-necessary combustibles.
[ ] 6.  Provide_____ ABC type fire extinguisher(s) of at least 5 lb. or larger and mounted in the area(s) discussed not to exceed 5 feet from floor level.
[ ] 7.  Display current service tags from a licensed service company on all fire extinguishers. (Annual inspection.)
[ ] 8.  Keep all exit or exit access doors unlocked/unblocked during normal business hours.
[ ] 9.  Have the hood/extinguishing system inspected and retagged by a licensed service company.
[ ] 10. Have the entire hood system cleaned professionally.
[ ] 11. Have the fire sprinkler system inspected and tagged by a licensed service company. (Annual inspection.)
[ ] 12. Remove combustible material from around the water heater/furnace. (No storage allowed.)
[ ] 13. Keep at least 36" clearance around electrical circuit breakers.
[ ] 14. Secure all compressed gas cylinders with chain or harness to the nearest immovable structure (wall. etc.).
[✓] 15. Have the fire alarm system inspected and retagged by a licensed service company.   (see below)
[✓] 16. Address numbers should be replaced/repaired, minimum 6" with alternating color.

* Fire lane is not compliant with City Code shall have white stencil letters stating "Fire Lane - no Parking" in 4" letters (white) every 75 feet
* Smoke Detectors in sanctuary have been painted and non compliant.
* Fire Alarm system has been "yellow tagged" by Fire Alarm contractor, This needs repair.

On the premises at the above location within: _immediately_ days

**Inspector** Luis Valdez

**Person Received Notice:** Darryl Crain X dv

Telephone No.: (210) 887-2233

* provide monitoring and maintenance agreement to this office and call for reinspection when fire alarm system has acceptable Tag by

**IN CASE OF FIRE CALL 9-1-1 OR 684-8897** Licensed Contractor.

DEF LEON VALLEY 0010

This document is for the purpose of making the written report attached more legible.

*Fire lane is non compliant with City Code. Shall have white stencil letters stating "Fire Lane No Parking" in 4 inch letters (white) every 25 feet.

* Smoke detectors in sanctuary have been painted and are non compliant.

* Fire alarm system has been "yellow tagged" by a Fire Alarm contractor. This needs repair.

*Provide monitoring and maintenance agreement to this office and call for re-inspection when fire alarm system has acceptable tag by licensed contractor.