UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE ELIJAH GROUP, INC.<br>Plaintiff<br><br>V.<br><br>THE CITY OF LEON VALLEY, TEXAS<br>Defendant | §<br>§<br>§<br>§  CIVIL ACTION NO. SA08CA0907<br>§<br>§<br>§<br>§ |

### AFFIDAVIT OF MELINDA SMITH

| | |
|---|---|
| STATE OF TEXAS | §<br>§ |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared MELINDA SMITH, and being by me duly sworn on his oath, deposed as follows:

1. My name is MELINDA SMITH. I am over the age of twenty-one (21) years; I am of sound mind; and I am fully capable of making this affidavit. The testimony recited below is within my personal knowledge and is true and correct.

2. From October of 2006 to January 2008 I served as the Director of Community Development for the City of Leon Valley, Texas. From March of 2005 to October 2006 I was the Interim Director of Community Development. I have worked for the City of Leon Valley since January 4, 1988. As the Interim and actual Director of Community Development some of my job duties included administering all development and related land use permits to ensure compliance with current federal, county and city laws, policy and ordinances; prepared and analyzed statistical reports for public presentation, and provided technical and professional advice to City Council, and City Manager; conducted written and oral presentations to Zoning and Land Use Commissions, Board of Adjustment, City Council, and other civic groups; and identified and implemented special projects requiring research, data collection reports, writing and public presentations. I also would perform all necessary research on development and zoning applications or requests to rezone. I also gave technical and professional advice regarding alterations to the City's Master Plan, all Subdivision Codes, and Zoning Codes.

3. The City's 2003 Master Plan was a more generalized plan but did not have an aggressive action plan for development. As a result the City Council directed staff to revise the plan to include comprehensive steps and an action plan to promote solutions to infrastructure problems, economic development including retail development, enhance public safety, and adapt the plan to the current development trends being experienced by the City, including more specific zoning direction and encouragement of like uses. As a result, the City amended its Master Plan and its Zoning Code in 2007.

4. The majority of the uses along Bandera Road have primarily been within the B-2 zoning classification, which is specifically defined and intended for retail use. Retail uses were intended for a two hundred feet depth along Bandera Road. Numerous land uses previously allowed under the prior Zoning Codes were reclassified in 2007 out of the B-2 zoning district, such as churches, outdoor theaters, ambulance services, cemeteries, suite hotels, and air conditioner repair. Additionally, uses previously precluded or restricted in the B-2 zone were allowed as a matter of right such as book stores, grocery stores and convenient stores. The intent was to better focus like retail uses along that corridor. Uses which were evaluated as not being retail in nature were reclassified.

5. Churches, theaters, and other uses which create heavier congestion were reclassified as B-3 commercial. The B-3 commercial classification is primarily located inside loop 410 and along Reindeer Trail, Wurzbach and Crissom roads. Several B-3 parcels which were zoned decades ago, still remain on Bandera Road due to existing uses which have not changed and many are retail in nature which were allowed in either B-2 or B-3 at the time of their development. Such straggling B-3 parcels on Bandera Road are few and far between and have simply not been rezoned to date due to various factors including minimal impact on the Bandera Road corridor.

6. The church known as Church on the Rock was located at 6401 Bandera Road and had received a Specific Use Permit to allow its use back in the 1990s. After the 2007 Zoning Code amendments, church use was not permitted in that B-2 zone at all; however, Church on the Rock was considered pre-existing and a permitted non-confirming use (i.e. grandfathered). However, pursuant to the City Zoning Code, the use could not lapse for more than one hundred and twenty days.

7. The City received notification that the Church on the Rock had ceased church use at 6401 Bandera Road on July 1, 2007 and the property was foreclosed. The City advised, through my department, the new owner, that church use would lapse if not resumed within the time period. As of October 1, 2007, no church use had resumed and the City held the non-conforming use had lapsed.

Signed this 6 day of July, 2009.

_____
MELINDA SMITH

SUBSCRIBED AND SWORN TO BEFORE ME on this 6 day of July 2009, to certify which witness my hand and official seal.


CHRISTY E. JOHNSON
MY COMMISSION EXPIRES
December 8, 2011

_____
NOTARY PUBLIC, STATE OF TEXAS

(Affix Notary Seal Above)