UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE ELIJAH GROUP, INC. § | |
|     Plaintiff § | |
| § | |
| V. § | CIVIL ACTION NO. SA08CA0907 |
| § | |
| THE CITY OF LEON VALLEY, TEXAS § | |
|     Defendant § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

LOWELL F. DENTON
RYAN HENRY
DENTON, NAVARRO, ROCHA & BERNAL
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
210/227-3243
210/225-4481 Facsimile
COUNSEL FOR DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT THE CITY OF LEON VALLEY, TEXAS, (hereinafter referred to as "Defendant" or "City") in the above styled cause and files this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment and would show the court as follows:

1.   First, Defense counsel is very concerned with Plaintiff's accusations of intentional misrepresentations to this court.  Defense counsel has presented one-hundred percent of the facts to this court, by way of exhibits and testimony, and argued ethically the application of those facts and the law. Plaintiff's accusations are improper and untrue[1]:

| Accusation | Response | Record |
|---|---|---|
| Defendant argued substantial burden is part of the Equal Terms Analysis. | Defendant separated its arguments based on the Plaintiff's "counts" in its First Amended Petition.  The Substantial Burden analysis is completely separate from the Equal Terms provision. | Docket 34, pp. 13-20 v 21-24. |
| Pastor Crain never said other locations were available and specifically noted why the locations were not suitable. | Pastor Crain's testimony speaks for itself.  Pastor Crain specifically testified to two other locations which were available, but the *only* reason the locations were not right for the Plaintiff was they were too expensive. Cost alone does not create a substantial burden. | Docket 34, Ex A, Crain Depo, p. 242-247. |
| Defendant deceived the court in the in-brief summary chart by improperly restating classifications (lodges and other similar meeting places). | The ordinance speaks for itself.  The Defendant provided the ordinance as an exhibit, just as the Plaintiff did. The summary chart in Defendant's Response to Plaintiff's MSJ [Docket 36] specifically states it is a non-exclusive summary, with comments, intended to demonstrate the retail v commercial zoning classifications. | Docket 34, Ex. C, Bates No. 102-109. |

---

[1]Plaintiff has taken well known legal strategies and attempted to argue feverishly in this case as to why it should be permitted to conduct any and all imaginable religious uses it wishes in the single location that it desires.  The most pronounced strategy is the old lawyer adage "when you have the facts on your side, argue the facts; when you have the law on your side, argue the law; **and when you have neither....**" you just argue or you attack the other side. *Tripmasters, Inc. v. Hyatt Intern. Corp.*, 696 F.Supp. 925, 931 fn. 6.  (S.D.N.Y. Sep 27, 1988); *Donaldson v. Exelon Corp*., 2006 WL 2668573 at *1 fn. 3.  (E.D.Pa. Sep 14, 2006).

|  | Semantic differences are non-substantive and not deceptive. |  |
|---|---|---|
| Defendant misrepresented the law in the U.S. Fifth Circuit by arguing *Civil Liberties* instead of *Adkins*. | Defendant cites to *Adkins* in its MSJ and the underlying tests, while different in wording, amounts to the same result; Plaintiff did not suffer a substantial burden. |  |

2.  Plaintiff wastes several pages of its Response arguing why the Equal Terms provision of RLUIPA does not have a substantial burden prong. Docket 37, pp. 2-4]. Defendant agrees and never made such an argument.[2] RLUIPA has several different causes of action with different prima facie elements. 42 U.S.C.A. §2000cc. The Plaintiff's First Amended Complaint sets out pretty much all of them and separates them into different "counts." [Docket 27].[3] Defendant's Motion for Summary Judgment first argues [Docket 34, pp. 13-20] the Plaintiff has not suffered any "substantial burden" under 42 U.S.C.A. §2000cc(a). In a completely separate section, separated by a different heading, Defendant argues the Plaintiff was not discriminated against and did not suffer any unequal terms treatment under 42 U.S.C.A. §2000cc(b). Two separate parts of RLUIPA are both argued in different sections of Defendant's Motion. [Docket 34, pp. 21-24].

3.  Contrary to Plaintiff's interpretation, the testimony of Pastor Crain clearly indicates that he knows of at least two locations where the location and buildings would allow his congregation to meet and hold services; however, his desire not to use those locations is driven strictly by

---

[2] In fact, one of Defendant's primary cases, *Lighthouse Institute for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253 (3rd Cir. 2007), holds that the Equal Terms provision has no substantial burden requirement.

[3] Plaintiff's Count 1 seeks declaratory relief for an abuse of municipal authority; Count 2 alleged discrimination under 42 U.S.C.A. §2000cc(b)(1 & 2); Count 3 argues the Plaintiff suffered a substantial burden under 42 U.S.C.A. §2000cc(a); Count 4 alleges unreasonable restrictions under 42 U.S.C.A. §2000cc(b)(3); Count 5 alleges violations of the Texas Religious Freedom and Restoration Act; Count 6 alleges First Amendment- Free Exercise violations, etc. Each count coincides with a separate cause of action. Defendant's summary judgment motion attempts to address each count individually.

costs, which has been uniformly rejected pre-RFRA, post-RFRA, and post-RLUIPA as creating a substantial burden.

> Q. Did you look at any other locations to relocate from Culebra?
> A. Like I said before, we were always looking, but, you know, it's just -- there's so many different variables. Number one, building is something incredibly expensive.
> Remodeling is incredibly expensive. . . . [Docket 34, Ex A Crain Depo p. 242, lines 13-18.]
> . . . So we were really looking. And I have got to tell you and without spiritualizing this in any way, I was praying for a specific thing. **I wanted to buy a church that was already built because the -- because of the cost factor, plain and simple.** (Emphasis added) And, you know, I was praying for something that that would happen. [Docket 34, Ex A Crain Depo p. 243, lines 1-6.]
> . . . . So we are looking for a building that's appraised for a lot, selling for a little so we don't have to put money down. And that building on Lockhill-Selma, even if we wanted to do it, it wouldn't fit in those parameters because it's appraised just about what they are asking for, maybe a little bit, but nowhere near 20 percent. When this building came available, the reason I did not want to go look at it is because it absolutely is perfect for us. I mean, it's absolutely everything except for the dome. I wouldn't build a dome. But everything is just absolutely -- it's where we want to be. [Docket 34, Ex A Crain Depo p. 244, lines 6-18.]
> Q. Okay. Have you -- since the litigation has occurred, have you looked at any other buildings in Leon Valley that you can go to?
> A. There are no other buildings in Leon Valley we could go to.
> Q. Okay. Did you look?
> A. There is a Petco on 410 that was suggested to us that was 11,000 or -- no, no. 23,000 square feet. I can't remember. That would mean we would be paying somewhere in the neighboring of $18,000 per month to be in that building. We can't go there. There is a warehouse off of Reindeer that we looked at that we would be paying -- these are all leased facilities, that we would be paying somewhere in the neighborhood of five to $9,000 a month, but it would take another 250,000 minimum to renovate it to fit our needs.
> … There are no other buildings that will fit our needs because there are no other churches. [Docket 34, Ex A Crain Depo pp. 246-47, lines 6-18.]

4.   These are Pastor Crain's own words. The point being made in Defendant's Motion for Summary Judgment is that other locations are available which are large enough, located within the congregations required area (i.e. within the boundaries of I-10 to 151, 1604 to 410) [Docket 34, Ex. A Crain Depo p. 72, lines 10-21; and pp. 74-75] and that would otherwise work, but for

the cost factor "…plain and simple." If the only reason the Plaintiff cannot utilize these properties is due to the costs that is insufficient to equate to a substantial burden under the law.[4] The City also pointed to numerous other locations available within B-3 zones the Plaintiff's church services can operate. The Plaintiff had a month-to-month lease at a location still in existence after it filed suit which could have been used for services, but voluntarily relinquished it in January of 2009. The Plaintiff can utilize the Bandera Road location for most of its religious activities already and numerous alternative sites exists in B-3 zones to hold services. The Plaintiff's only restriction is that it cannot do everything it wants at one location.

5.  It never occurred to Defense counsel that the Plaintiff would believe an in-brief summary of an exhibit, expressly stated with its purpose to demonstrate the retail v commercial character of the different zoning classifications, which contained non-substantive, semantic differences would somehow mislead this court. The ordinance (chart) speaks for itself and the court, as the one ruling on the law, is fully capable of interpreting its meaning.

6.  Further, there is no misrepresentation in reliance upon *Civil Liberties for Urban Believers v. City of Chicago,* 342 F.3d 752 (7th Cir.2003), *Lighthouse Institute for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253 (3rd Cir. 2007), and the other cases cited by Defendant regarding the substantial burden test in the U.S. Fifth Circuit.[5] In fact, Defendant is actually the one which first cited *Adkins* in its summary judgment motion. [Docket 34, p. 25, para. 55]. Even with the semantic differences between *Adkins v. Kaspar*, and *Civil Liberties,* they both still rely upon the

---

[4] Mere expense or inconvenience does not amount to a substantial burden. *Braunfeld v. Brown,* 366 U.S. 599, 605, 81 S.Ct. 1144, 6 L.Ed.2d 563 (1961); *see also Vineyard Christian Fellowship of Evanston, Inc. v. City of Evanston,* 250 F.Supp.2d 961, 987 (N.D.Ill.2003) (holding that "monetary and logistical burdens do not rise to the level of a substantial burden"); *Vision Church v. Village of Long Grove,* 468 F.3d 975, 999 (7th Cir.2006).

[5] Contrary to Plaintiff's assertions, while the original City of Long Branch ordinance did violate the Equal Terms provision because it did not tie the varying uses to the reasons for the distinction, the later adopted Redevelopment Plan was held to comply with the Equal Terms provision. The Redevelopment Plan justifications for the Broadway corridor are the similar justifications for Leon Valley's Bandera Road corridor.

underlying principles that a substantial burden must significantly interfere with a Plaintiff's religious practices. While *Adkins*, an institutionalize person's RLUIPA case, utilizes a "truly pressures" wording instead of the, "effectively impractical" analysis in *Civil Liberties* the result is still the same.[6] *Adkins* specifically held that "a government action or regulation does not rise to the level of a substantial burden on religious exercise if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." *Id*. The Plaintiff can perform all but one of its religious activities at the Bandera Road location and numerous other locations exist throughout the City where church services can be held. They just have to go a few blocks over. No other entity is entitled to conduct all activities they desire at a single location. Varying uses are classified into the different zones and what the Plaintiff seeks is not otherwise generally available. No substantial burden exists.

7.      The Bandera Road corridor is the City's retail corridor. The refocus of the retail nature of the corridor took into account varying factors including traffic, congestion, etc. Plaintiff attempts to confuse the statements of one Commissioner regarding traffic, not during the 2007 zoning amendments, but at the Bank's application to rezone from B-2 to B-3, to challenge the rezoning ordinance.[7] Apples and oranges. In the Zoning Ordinance, church use as a whole was viewed as increasing traffic, congestion, etc., and the specific location is not application to an ordinance wide challenge. The entire legislative record should be taken as a whole.

---

[6] An "effectively impractical" wording would not make much sense in an institutionalized person's context. While the Court in *Adkins* noted *Civil Liberties* wording, it did not overrule or reject it. It simply determined that in the institutionalized person's context, the "truly pressured" wording was appropriate.

[7] The comments of one individual member of a governing body cannot attribute liability to the entity as a whole. *Civil Liberties*, 342 F.3d at 764.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Defendant City of Leon Valley prays that the Court deny Plaintiff's Motion for Final Summary Judgment, grant Defendant's Motion for Summary Judgment in its entirety, dismiss all of the Plaintiff's claims with prejudice and for such further relief, in law and in equity, as the Defendant may show itself justly entitled. SIGNED this 28th day of July 2009.

          Respectfully Submitted,

          DENTON, NAVARRO, ROCHA & BERNAL
          A Professional Corporation
          2517 N. Main Avenue
          San Antonio, Texas 78212
          210/227-3243
          210/225-4481 (Facsimile)
          Lowell.denton@rampage-sa.com
          Ryan.henry@rampage-sa.com

By: _____
          LOWELL F. DENTON
          State Bar No. 05764700
          RYAN S. HENRY
          State Bar No. 24007347
          COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) as indicated, and according to the Federal Rules of Civil Procedure on the 28th day of July, 2009.

Daniel P. Whitworth                                      **E-Notification**
John G. George
STUMPF FARRIMOND, P.C.
112 E. Pecan Street, Suite 700
San Antonio, Texas 78205

                                              _____
                                              LOWELL F. DENTON
                                              RYAN S. HENRY